IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| RODNEY HARPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:14-cv-02887-JTF-cgc |
| | ) | |
| U.S. DEPARTMENT OF JUSTICE | ) | |
| and the U.S. EQUAL EMPLOYMENT | ) | |
| OPPORTUNITY COMMISSION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION
AND ORDER DISMISSING THIS CASE *SUA SPONTE***

Before the Court is Plaintiff Rodney Harper's *pro se* Complaint and Supplemental Complaint against Defendants, United States Department of Justice, the United States Equal Employment Opportunity Commission, *et al.*, and Plaintiff's application to proceed *in forma pauperis,* all filed on November 12, 2014. (ECF No. 1, ECF No. 2, and ECF No. 3). On November 13, 2014, the matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636.

During the *in forma pauperis* screening process, the Magistrate Judge conducted a review of Plaintiff's Complaint and Supplemental Complaint as required under 28 U.S.C. § 1915(e)(2). On February 2, 2015, the Magistrate Judge entered an Order and Report and Recommendation. (ECF No. 10). Therein, the Magistrate Judge granted Plaintiff leave to proceed *in forma pauperis*, directed the Clerk to record certain specifically named parties as Defendants to this

1

action, but recommended that the Court dismiss the action without prejudice under Fed. R. Civ. P. 12 (b) (6) and allow Plaintiff to refile his complaint consistent with Fed. R. Civ. P. 8. (ECF No. 10, pp. 1, 6-8). On February 18, 2015, Plaintiff filed objections to the report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). (ECF No. 11).

## II. <u>LEGAL STANDARD</u>

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *See e.g. Baker v. Peterson*, 67 Fed. App'x. 308, 311, 2003 WL 21321184 (6th Cir. 2003) and Fed. R. Civ. P. 72(a). A district court judge must review a magistrate judge's recommendation on a dispositive motion under a *de novo* standard. *See Matthews v. Weber*, 423 U.S. 261, 275 (1976); *Baker*, 67 Fed. App'x. at 311 and 28 U.S.C. § 636 (b)(1)(B). After review, the district court is free to accept, reject or modify the proposed findings or recommendations of the magistrate judge. *See Thomas*, 474 U.S. at 150.

Any party who disagrees with a magistrate judge's recommendation may file written objections to the report and recommendation. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and LR 72.1(g)(2). A district judge must determine *de novo* any part of the magistrate judge's recommendation to which proper objections are raised. 28 U.S.C. § 636(b)(1)(c). However, objections to any part of a magistrate judge's report and recommended disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." See *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) and *Arn,* 474 U.S. at 147 (the purpose of the rule is to "focus attention on those issues ... that are at the heart of the parties' dispute."). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings ... believed [to be] in error' are

too general." *Spencer v. Bouchard,* 449 F.3d 712, 725 (6th Cir. 2006) *quoting Miller*, 50 F.3d at 380. A plaintiff's failure to file a specific objection to a magistrate judge's report or one which fails to specifically identify the issues of contention does not satisfy the requirement that an objection was filed at all. *Howard*, 932 F.2d at 509; *McCready v. Kamminga*, 113 Fed. App'x. 47, 49 (6th Cir. 2004). The district judge should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. *Brown v. Board of Educ. of Shelby County Schools*, 47 F.Supp.3d 665, 674 (W.D. Tenn. 2014).

### III. ANALYSIS

Federal R. Civ. P. 8(a) provides that in order for a pleading to state claim for relief it must contain a short and plain statement of the grounds for the court's jurisdiction as well as a short and plain statement of the claim and demand for relief sought. In like manner, Fed. R. Civ. P. 8(d) requires that each allegation in the pleading must be concise and direct. The same rule authorizes *sua sponte* dismissal of an action by the courts for failure to state a claim in proper form and fashion as delineated by the above-cited rules. Fed. R. Civ. P. 72(b)(2) requires that the objection clearly identify the portions of the magistrate judge's report and recommendation to which the objection is made and the basis for the objection. See also 28 U.S.C. § 636(b)(1)(B) and *Howard,* 932 F.2d at 509.

The Magistrate Judge has recommended that the Court *sua sponte* dismiss Plaintiff's case reasoning that Plaintiff has failed to satisfy the standards of Fed. R. Civ. P. 8(a)(2) or state a viable claim under 5 U.S.C. § 522(f)(1), more commonly known as the Freedom of Information Act ("FOIA"), against any of the individually-named parties.[1] (ECF No. 10, pp. 5- 7).

---

[1] *See Pliler v. Ford*, 542 U.S. 225, 231 (2004) (district courts are not required to act as counsel for *pro se* litigants) and *Plymale v. Freeman,* No. 90-2202, 1991 WL 54882, at *1 (6th Cir. Apr. 12, 1991) (affirmed the dismissal of a rambling complaint).

Despite Plaintiff's objections to the Magistrate Judge's summary of events leading to his complaint, the Court adopts the factual background described in the report and recommendation.[2] (ECF No. 10, pp. 3-4). Plaintiff was previously employed by the Shelby County Law Library. (ECF No. 1, ¶¶ 55, 56, 77, and 78). Plaintiff's Complaint and Supplemental Complaint involve denials of Plaintiff's requests for current copies of the local district office of the EEOC's Compliance manuals and the United States Department of Justice's policies and procedures. Plaintiff asserts that the agencies' failures to honor his requests amounted to FOIA violations. (ECF No. 1 ¶ 6 , ¶¶ 26-30, ¶49, ECF No. 2, ¶¶ 1-2, 6, 243, and 247).

On February 8, 2015, Plaintiff filed the following twelve objections to the Magistrate Judge's report and recommendation.[3] (ECF No. 11).

1. *The Determination that Plaintiff's Request for an IFP Hearing is Moot?*

On January 16, 2015, Plaintiff filed a "Motion for a Hearing in Pursuant to 28 U.S.C.A. § 1915 *et. seq.* and 28 U.S.C.A. § 636 *et. seq.* Leave to Proceed *in Forma Pauperis* – In District Court." (sic) (ECF No. 8). Without conducting a hearing, the Magistrate Judge appropriately determined that Plaintiff was entitled to proceed *in forma pauperis* in accordance with 28 U.S.C. § 1915(a) and 28 U.S.C. § 1746. (ECF No. 10, pp. 1-2).

Plaintiff objects that his motion for *IPF* status was not timely granted and that the issue is not moot because the Court failed to conduct a hearing. (ECF No. 11, pp. 1-2). There is no mandate that a magistrate judge conduct a hearing in order to assess whether a *pro se* litigant may proceed *in forma pauperis*. *See* 28 U.S.C. § 636 (b)(1)(A). Pursuant to 29 U.S.C. §

---

[2] Plaintiff's specific challenges to the Magistrate's report and recommendation are addressed *infra.*
[3] The Magistrate Judge's report and recommendation notes the extent of Plaintiff's Complaint, a twenty-five (25) page document with 155 paragraphs and a thirty-one (31) page Supplemental Complaint containing 260 paragraphs and four (4) exhibits. She generally references from Mr. Harper's mostly incomprehensible pleadings that the case involves two particular instances and correspondences therefrom concerning his requests for documentation, the alleged FOIA violations, one beginning on or about February 5, 2014, and the other beginning on or about April 28, 2014. (ECF No. 11, pp. 2-3).

4

1915(a)(1), the court may permit a person to commence a lawsuit without prepaying the filing fee, provided the person submits an affidavit demonstrating that he or she is unable to pay such fees or give security therefore. *See generally, Hakim El v. DTE Energy*, No. 07-CV-13659, 2007 WL 2541772 (E.D. Mich. Aug. 31, 2007). The record reflects that Plaintiff's affidavit to proceed *in forma pauperis* was submitted to the Court on November 12, 2014. (ECF No. 3). The Magistrate Judge determined on February 2, 2015, that Plaintiff was eligible to proceed without paying any fees or court costs pursuant to 18 U.S.C.A. §§ 1915 (a) and (e) (2)(B). (ECF No. 11, p. 2).

Plaintiff also objects that an *IFP* determination must be made before the Court addresses the merits of the case. This is correct. The order filed along with the report and recommendation clearly granted Plaintiff leave to proceed *in forma pauperis* prior to moving on to examine whether Plaintiff has raised a cognizable claim under 5 U.S.C. § 522(f)(1). (ECF No. 10, p. 2). Thus, a hearing on this issue was not required, the issue is now moot, and the objection is overruled.

*2) Access to the Court's IFP Application Policies Should Be Denied*

On January 23, 2015, Plaintiff filed a "Motion Requesting Review of the United States Court Western District of Tennessee (Memphis) Judicial Procedure in Regard to Application for Leave to Proceed *In Forma Pauperis* in Pursuant to 28 U.S.C.A. § 1915 Et. Seq. and 28 U.S.C. A. § 636 Et. SQE" (sic). (ECF No. 9).[4] As noted *supra*, the Magistrate Judge determined that Plaintiff was eligible to proceed *in forma pauperis*. (ECF No. 10, pp. 2-3). In the objection to the report and recommendation, which really pertains to the Order granting IFP, Harper asserts

---

[4] Within his motion, Plaintiff recites many statutes, administrative orders, cases from various circuits, the affidavit of indigency, the time allowed for service of process, Congressional authority delegated to Magistrate Judges, provisions and amendments from the United States and Tennessee Constitutions and other miscellaneous documents that are immaterial to this objection.

5

that he should have access to Court's procedures relative to *in forma pauperis* (IFP) applications. He contends that because judicial proceedings and records are presumptively open that he is thereby entitled to the Court's policies regarding IFP determinations. (ECF No. 11, p. 2). This objection is totally baseless. All of the information pertaining to *in forma pauperis* applications is provided and available to the general public on the District Court's website as well as in the Federal Rules of Civil Procedure.[5] Ultimately, Plaintiff's request was granted. Therefore, this objection is without consequence to the recommendations in the Magistrate Judge's report and is therefore overruled.

### 3) *The Magistrate Judge's Summary of the First Incident with the USDOJ*

Plaintiff's first alleged FOIA violation began on February 5, 2014, when his requests for Department of Justice procedures, policies, protocol rules and regulations concerning Plaintiff's two complaints against then-U.S. Assistant Attorney General Thomas Perez were denied. (ECF No. 10, p. 3, ECF No. 1, ¶¶ 1, 26-30, 49, 52, ECF No. 2, ¶¶ 2, 6). Plaintiff merely alludes to his claims against the Department of Justice and Deeana Jang, Chief Coordinator of the Compliance Section of the DOJ Civil Rights Division without explanation. (ECF No. 11, pp. 7-8, ECF No. 1, ¶¶ 28-30, 49-53, ECF No. 2, ¶¶ 1-2). The objection offers no case law or additional facts to rebut the Magistrate Judge's recommendation. *Miller,* 50 F.3d at 380. As such, it is overruled as a general objection. *Miller*, 50 F.3d at 30.

### 4) *The Magistrate Judge's Summary of the Second Incident re the EEOC Request*

While still employed with the Shelby County Law Library, Plaintiff filed a charge with the local division of the EEOC on September 23, 2013. (ECF No. 1, ¶¶ 55). Plaintiff was advised and subsequently requested to amend his EEOC charge upon his termination from his

---

[5] *See* http://www.tnwd.uscourts.gov/pdf/content/LocalRules.pdf wherein all of the Western District of Tennessee's Court policies regarding the application to proceed *in forma pauperis* are published in the Court's Local Rules.

former position. He asserts that he followed up with staffers on three occasions for documents from his file or to see if an Amended Charge was on record. As District Director of the Memphis Branch of the EEOC, Katherine W. Kores responded to Plaintiff's inquiries on or about May 1, 2014, indicating that his charge was an open file involved in a pending investigation. As such, the Commission denied him access to that record or any information compiled during the investigation of his claim against his former employer under 5 U.S.C. § 552 (b)(7)(A). (ECF No. 1, ¶¶ 55- 63, ECF No. 2, ¶¶ 1, 7, 10, 16-20, 121-125). As a result, Plaintiff alleges in his complaint that the EEOC and its personnel wrongfully denied him access to documents within his charge file in violation of FOIA. (ECF No. 1, ¶¶ 62-65, 76-100, ECF No. 2, ¶¶123-125, 182-185, 243-235).

It seems that Plaintiff does not actually object to the Magistrate Judge's description of the events underlying his claim. Instead his focus is on the agency's alleged failure to comply with his FOIA requests based on the EEOC's "Open File" policy. As such, this is not an objection to the facts described in the Magistrate Judge's report but instead a legal argument. In particular, Plaintiff contends that the Magistrate Judge erroneously failed to note that Katherine Kores denied his request to view his own "open file" as a member of the public. Merely claiming an inaccuracy in the Magistrate Judge's factual and legal determinations without more specificity renders the objection the equivalent of waiving entirely an objection at all. *See McCready,* 113 Fed. Appx. at 49. After *de novo* review of the magistrate judge's factual findings, the Court finds the Magistrate Judge correctly summarized and considered the facts underlying this case. See *U.S. v. Raddatz*, 447 U.S. 667, 676 (1980) *citing, Matthews v. Weber*, 423 U.S. 261, 275 (1976). This objection is overruled.

### 5. *The Finding Regarding the Ten-Day Delay Notification from the EEOC*

In the fifth objection, Harper merely restates the language from both the Magistrate Judge's report and recommendation and from the notice received from Lori K. Bowden of the Office of Legal Counsel. The notice advised Plaintiff that the agency's response time would be delayed for ten (10) working days based on the "need to search for and collect the requested records, **if any exist**, from the field office or other establishments that are separate from the office." This portion of Plaintiff's objection is confusing, incoherent and lacks any relevant factual or legal discussion relative to the Magistrate Judge's recommendation for a Rule 12(b)(6) dismissal. (ECF No. 11, pp. 7-8 and ECF No. 10, pp. 2-3). Merely reciting language from a notification letter is an insufficient general objection. As noted, objections to a magistrate judge's report and recommendation must focus on factual and legal issues that are at the heart of the dispute. *Thomas*, 474 U.S. at 147. This Court fails to see how language that an investigation is still pending and that notification will be delayed for ten days supports a viable FOIA claim. *Howard,* 932 F.2d at 508-09. Accordingly, this objection is overruled.

### 6) *The Magistrate Judge's Determination that Plaintiff Seeks a Declaration*

The Magistrate Judge's report and recommendation indicates that "Plaintiff seeks a declaration that the EEOC Memphis District office make available its current physical copies of the EEOC's Compliance Manuals, that the U.S. Department of Justice reveal the agency procedures, policies, protocol, rules and regulations, and award unspecified fees and costs to Plaintiff." (ECF No. 10, p. 4). Plaintiff objects to the Magistrate Judge's use of the term "declaration" and asserts that he is seeking instead an "announcement that the Department of Justice makes, (sic) available its disclosure of public information as directive (sic) by the Presidents and Congress in regards to the transparency of the Government agencies records to

8

the **public**." (ECF No. 11, p. 13). Similarly, Plaintiff seeks an announcement, not a declaration, of the same from the EEOC. *Id.* at p. 12. Plaintiff objects that he asks that the "EEOC make available its current physical copies of the EEOC's Compliance Manuals, that the U.S. Department of Justice reveal its agency procedures, policies, protocol, rules and regulations", and award unspecified fees and costs to Plaintiff." (ECF No. 11, pp. 12-13).

Specific and pointed objections assist the district court in focusing attention on substantive issues that are at the heart of the parties' dispute. *See Howard*, 932 F.2d at 509 and *Arn*, 474 U.S. at 148. In this regard, disputing the use of a single term or phrase, without more, is insufficient. This objection is clearly without merit and overruled.

*7) The Failure to Acknowledge Petitioner's Request for Injunctive Relief*

Harper argues that the Magistrate Judge failed to address his request for injunctive relief. (ECF No. 11, p. 10). However, this matter has not progressed to a resolution on the merits. The Magistrate Judge has recommended that Harper's Supplemental Complaint should be dismissed as an insufficient and frivolous filing under 28 U.S.C. § 1915. There was no need to address Harper's request for injunctive relief. This objection is without merit and also overruled.

*8) A Recommendation to Dismiss is Beyond the Magistrate Judge's Authority*

In his eighth objection, Plaintiff asserts that the Magistrate Judge has abused her discretion and exceeded her authority by denying him the opportunity to amend his complaint and recommending dismissal of his case. (ECF No. 11, pp. 10-11, 15). The Magistrate Judge in this case properly conducted an initial screening as authorized by 28 U.S.C. § 1915(e)(2) in which she found the Complaint and Supplemental Complaint should be dismissed for failure to state a claim upon which relief could be granted. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) and *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). In a nutshell, the Magistrate

Judge properly concluded that Plaintiff's pleading, overwrought with rambling and disjointed allegations, failed to meet the standards required by Fed. R. Civ. P. 8(a)(2). Accordingly, objection number eight is also overruled.

*9) The Magistrate Judge's 12(b)(6) Legal Analysis,*

Plaintiff continues with another extensive and incoherent objection to the Magistrate Judge's recommendation that the complaint be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 11, pp, 15-25). This particular objection is captioned as "**Analysis/Standard of Review/Discussion/Pro Se Litigants Fed. R. Civ. P., Rule 12(6)(12)**" (sic) (ECF No. 11, p. 15-6, 18, and 25). The primary arguments seem to involve the denial of his request for leave to amend the complaint in order to state a viable claim for relief. (ECF No. 11, pp. 15-25). He also appears to argue that the Magistrate Judge applied an improper standard of review. This argument is incorrect. See 28 U.S.C. § 1915 (e)(2)(B)(ii) wherein any *in forma pauperis* proceeding may be dismissed, as in this case, upon recommendation by a magistrate judge when the case fails to state a claim for relief. *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).

Plaintiff also asserts that he has included short and plain statements of his claims in his complaint and that the Magistrate Judge failed to address the attached exhibits offered in support of these claims. (*Id*. at pp. 16-25). This argument is also invalid because the attached exhibits actually support the Magistrate Judge's recommendation that Plaintiff has failed to state a claim in which relief may be granted.[6] Scrutiny of complaints under Fed. R. Civ. P. 12 (b)(6) is

---

[6] Exhibit 1 includes the notice from District Director that his FOA request was denied based on 5 U.S.C. 552(b)(70(A). The notice specifically addresses that "Open" in this case pertains to his case file that was currently involved in an ongoing investigation. (ECF No. 2-1). Exhibit 2 addresses Sections 83.1 and 83.2 of the EEOC Compliance Manual that forbid the EEOC from making public information it has obtained while investigating a complaint. It does to a certain extent allow the charging party to review the file after confidential information is removed. (ECF No. 2-2). Exhibit 3 relays some of the Federal Register provisions dated July 1, 1965. Exhibit 4, copies of provisions from Chapter XIV of Title 29 and procedural regulations of the EEOC Sections 1601, Subparts A-F. These Exhibits upon review and consideration by this Court have no bearing on the Court's ruling regarding the report and recommendation.

limited to the pleadings. *See Rondigo, LLC v. Township of Richmond*, 641 F.3d 673, 682 (6th Cir. 2011). Plaintiff's Supplemental Complaint includes four attached exhibits. These exhibits were obviously considered by the Magistrate Judge in making her recommendation that the Plaintiff's case should be dismissed without prejudice.

Other than these arguments, the remaining discussion lacks specificity and substance. Harper simply presents a long list of cases, many from other circuits that are, for the most part, irrelevant to this case. (*Id.* at pp. 16- 25). For example, Plaintiff asserts, "Like the above case law the Plaintiff cited numerous rules and regulations that the government agencies officers and/or employees violated and the U.S. Magistrate Judge's report do (sic) not reflect the Plaintiff allege allegations which are within his complaint." (*Id.* at p. 24). The Court concludes that the inclusion of cases from other circuits, and the recitation of statutes and procedural rules do not support any objection to the report and recommendation. Without more, the Court is unable to properly identify, much less address, any objection. *Thomas*, 474 U.S. at 147. See also *McCready v. Kamminga*, 113 Fed. App'x. 47, 49 (6th Cir. 2004)(ruling that a rambling 143-page objection to the magistrate judge's report and recommendation having numerous flaws in reasoning and analysis only offers bold conclusions without relevant facts and the law that support review). This objection is overruled.

### 10) *The Magistrate Judge's Determination Regarding Rule 8(a)(2)*

The Magistrate Judge determined that in most respects Plaintiff's pleading failed to intelligibly provide Defendants with notice of his claims in proper form, as dictated by Fed. R. Civ. P. 8(a). (ECF No. 10, p. 6). As noted in the report and recommendation, Rule 8 clearly requires a short and plain statement of Plaintiff's claims for relief. (ECF No. 10, p. 6). Plaintiff seems to confuse Fed. R. Civ. P. 8 with Fed. R. Civ. P. 12(b)(6). While acknowledging

11

the need to meet the threshold requirement of a plain statement of an entitlement to relief pursuant to Rule 8, Plaintiff explores the "plausibility standard" examined by a court ruling on a Rule 12(b)(6) motion to dismiss. Plaintiff "contest[s] that his pro se pleading must contain either direct and /or inferential allegations respecting all material elements of a cause of action" and simultaneously asserts that "conclusory allegations or legal conclusion masquerading as factual conclusions will not suffice to prevent a motion to dismiss." (ECF No. 11, pp. 21-24).

Further, as argued in Objection number 9, Harper contests the Magistrate Judge's determination that he could not establish a set of facts that would entitle him to relief. (ECF No. 11, p. 22). *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (inartfully pled *pro se* complaints must be liberally construed in order to avoid premature dismissals). Although specific facts are not necessary, the statements within the complaint must give the defendant fair notice of the claim and the grounds upon which it rests. *See* Fed. R. Civ. P. 8(a)(2). There must be a "plausible" claim under which relief may be granted in order to survive a Rule 12(b)(6) dismissal. *Twombly*, 550 U.S. at 556. As noted by the Magistrate Judge, there is sufficient justification for dismissal of the case against the individually-named defendants. A Plaintiff may not plead the bare elements of a cause of action, affix labels of "general allegations" and expect the complaint to survive a motion to dismiss per Fed. R. Civ. P. 8. *Iqbal*, 556 U.S. at 678, 685-86; *Twombly*, 550 U.S. 544. It is clear that Harper is not entitled to relief against any individually-named parties pursuant to 5 U.S.C. § 551(1), even if the Rule 8(a)(2) notice requirements were satisfied. *Dillard v. Department of Treasury*, 87 Fed. App'x. 524, 525 (6th Cir. 2004) (FOIA does not apply to state or local government agencies or to individual private parties). This objection is also overruled.

*11) That FOIA only Applies to Federal Agencies*

Plaintiff objects to the proposed finding that a FOIA action may not be maintained against individuals and offers that he has cited other statutes within his complaints that allow the action to proceed against these individually-named parties. (ECF No. 11, pp. 28-29) The original complaint was filed against the parties pursuant to 5 U.S.C. § 552(f)(1). (ECF No. 1, pp. 1-5) Plaintiff includes references to Tenn. Code Ann. § 28-3-104 and 218 U.S.C. § 1346(b). However, the basic premise of the complaint appears to be Plaintiff's failure to obtain information from two federal agencies, the U.S. Department of Justice and the local division of the EEOC. The Supplemental Complaint provides similar claims for relief under the FOIA statutes. (ECF No. 2, ¶¶ 1, 243, and 247). These allegations would fail to sufficiently notify the Defendants of the claims against them. As stated, Harper is not entitled to relief against the individually-named parties in this action pursuant to 5 U.S.C. § 551(1)) even if the Rule 8(a)(2) notice requirements were satisfied. *Dillard*, 87 Fed. App'x. at 525. This objection has been fully addressed above and is again overruled.

*12. Recommendation to Deny Plaintiff a Certificate to Appeal in Good Faith*

Lastly, Plaintiff objects to the Magistrate Judge's recommendation that because the case warranted dismissal, then any future appeal should be not certified as filed in good faith and that Plaintiff would pay the associated filing fees. (ECF No. 11, p. 29). The Court agrees with the Magistrate Judge's determination that Plaintiff has not made a case sufficient to withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12 (b) (6). His objections to the report and recommendation are all overruled as frivolous or without merit. *Iqbal*, 556 U.S. at 681. Therefore, should he wish to appeal, the appeal should be deemed frivolous and Plaintiff will

not be granted leave to proceed *in forma pauperis*. *See Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011).

## IV. **CONCLUSION**

A complaint may be dismissed by the Court *sua sponte* as frivolous before service upon the defendants, if in fact, it is determined to be frivolous even before service on the defendants. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) and *Harris v. Johnson*, 784 F.2d 222, 223 (6th Cir. 1986). The law clearly provides that FOIA actions may only be maintained against agencies listed in 5 U.S.C. § 552(f)(1). Therefore, the Magistrate Judge has correctly recommended that the case be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b) (6) and as frivolous or without merit pursuant to 28 U.S.C. § 1915(A)(b)(1) and 28 U.S.C. § 1915(e)(2)(b)(i).

## V. **APPEAL ISSUES**

District courts should certify under 28 U .S.C. 1915(a)(3) all cases filed by non-prisoners who may seek leave to proceed *in forma pauperis* on appeal. *McGore v. Wrigglesworth,* 114 F.32d 601, 611 (6th Cir. 1997), overruled by other issues in, *LaFountain v. Harry*, 716 F.3d 944, 950 (6th Cir. 2013). Therefore, Plaintiff's case will be dismissed without prejudice thereby allowing him to refile an appropriate complaint in compliance with the Federal Rules of Civil Procedure and the Local Rules of Court for the Western District of Tennessee. Should Plaintiff wish to proceed on this dismissal without prejudice on appeal, the Court will not certify that his appeal is taken in good faith. Accordingly, Plaintiff will not be allowed to proceed *in forma pauperis* on appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) and *Jaffe v. United States*, 246 F.2d 760 (2d Cir. 1957)

**IT IS THEREFORE ORDERED** that the Magistrate Judge's report and recommendation to dismiss this case pursuant to Fed. R. Civ. P. 12 (b) (6) is adopted and the case is ordered DISMISSED without prejudice. Furthermore, it is so ordered that an appeal from this matter should not be taken in good faith and the Court DENIES a certificate of appealability *in forma pauperis* on appeal.

**IT IS SO ORDERED** on this 6th day of July, 2015.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE